United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SOCIAL MEDICAL INCORPORATED ASSOCIATION KEISUIKAI, <br><br> Applicant. | Case No.  21-mc-80310-VKD <br><br> **ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 USC 1782** <br><br> Re: Dkt. No. 1 |

Applicant Social Medical Incorporated Association Keisuikai ("Social Medical") applies ex parte for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google").  Dkt. No. 1.  Although the proposed subpoena is directed to Google, Social Medical will use the subpoena to obtain identifying and contact information for the users of services provided by Google in connection with certain accounts.  *See* Dkt. No. 1 at 4.

The Court grants the application subject to the modifications and requirements set forth below.

## I.      BACKGROUND

According to the application, Social Medical operates Nadogaya Hospital in Chiba, Japan. Dkt. No. 1 at 2.  Between August and November 2021, three different Google accounts posted three negative reviews of the hospital on the Google Map review page associated with Nadogaya Hospital, and one of those Google accounts also posted a negative review of the hospital on the Google Map review page associated with a different hospital, Kashiwa Kosei General Hospital, which is also located in Chiba, Japan.  *Id.*  The reviews (as translated in Social Medical's application) describe poor surgical outcomes and rude employees, and praise Kashiwa Kosei

General Hospital as superior to Nadogaya Hospital.  Dkt. No. 1-2, Exs. B, D, F, H.

Social Medical says it intends to file a lawsuit in Japan asserting claims for defamation and unlawful business interference against the person or persons who posted the reviews once Social Medical ascertains their identities.  Dkt. No. 1 at 4.  Social Medical seeks permission to serve a subpoena on Google seeking the following documents, which it says will allow it to identify the account holders:

1. All DOCUMENTS identifying the users of ALL ACCOUNTS from the date the Google Accounts were created to the present, including all names, addresses (including postal codes), e-mail addresses (including email addresses used for recovery or other purposes), and telephone numbers.

2. All DOCUMENTS showing all names and addresses (including postal codes) of credit card holders registered on ALL ACCOUNTS.

3. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ALL ACCOUNTS from the date the foregoing accounts were created to the present, including access log for each login (namely, login history).

4. All DOCUMENTS showing access log (including dates, times, IP addresses, and access type) of ALL ACCOUNTS at the time each of the SUBJECT REVIEWS were posted.

Dkt. No. 1-5 at p. 6.

Social Medical's application is supported by the declarations of Yuichi Funakoshi, Aiko Reynolds, and Ryosuke Togi.  Dkt. Nos. 1-1, 1-2, 1-3.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person."  *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted.  *Id.* at 264.  In

exercising that discretion, the court considers several factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure.  28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III.   DISCUSSION

#### A.   Statutory Requirements

Social Medical's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Google, which has its principal places of business in the Northern District of California.  Dkt. No. 1 at 3.  Second, Social Medical requests this discovery for use in a civil action for defamation and unlawful interference with its business that it says it anticipates filing in Japan as soon as it learns the identities of the persons who posted the negative reviews.  *Id.* at 4.  Crediting that assertion, this proceeding before a foreign tribunal appears to be within reasonable contemplation.  *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation).  Third, Social Medical, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

#### B.   *Intel* Factors

Even if the Court has the authority to grant Social Medical's § 1782 application, that does not mean the Court is required to do so.  *Intel*, 542 U.S. at 247.  In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional, non-exhaustive *Intel* factors.

##### 1.   Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding."  *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Google will not be a party to the civil action Social Medical plans to bring in Japan, and the documents Social Medical seeks by subpoena are located in the

United States. Dkt. No. 1 at 4. Social Medical contends that such evidence is outside the reach of the Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoena.

### 2.    Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citations omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Social Medical represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States and cites two cases in support. *See* Dkt. No. 1 at 5. However, neither of the cited cases holds that Japanese courts are receptive to discovery of the type of information Social Medical seeks here. In *Marubeni Am. Corp. v. LBA Y.K.*, the Second Circuit merely observed that "there is no evidence in the record of what discovery would be available in, or is acceptable to, the Japanese District Court in Tokyo." 335 F. App'x 95, 97-98 (2d Cir. 2009). Similarly, in *In re Ex Parte LG Elecs. Deutschland GmbH*, the district court noted

United States District Court
Northern District of California

1    simply that there was "no evidence that [applicant] is seeking to circumvent restrictions that may

2    exist in the host courts."  No. 12CV1197-LAB (MDD), 2012 WL 1836283, at *1 (S.D. Cal. May

3    21, 2012).

4         Nevertheless, Social Medical's Japanese counsel attests that he is aware of no reason why

5    the Japanese court in which Social Medical contemplates bringing its action would not be

6    receptive to the evidence Social Medical seeks here; indeed, he says Social Medical must first

7    obtain this evidence before it may proceed with an action in Japan.  Dkt. No. 1-1 ¶¶ 8, 10.  In the

8    absence of evidence that the Japanese court would object to Social Medical's discovery of the

9    information sought in the subpoena, or that it would object more generally to the judicial

10   assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of

11   authorizing service of the subpoena.

12               **3.      Circumvention of proof-gathering restrictions**

13        Under this factor, the Court considers whether Social Medical's request for discovery

14   "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

15   foreign country or the United States."  *Intel*, 542 U.S. at 265.  "'A perception that an applicant has

16   side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a

17   factor in a court's analysis.'"  *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re

18   Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal.

19   Jan. 17, 2013)).  Courts have found that this factor weighs in favor of discovery where there is

20   "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering

21   restrictions."  *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal.

22   Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL

23   1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of

24   discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering

25   restrictions or policies).

26        Social Medical's Japanese counsel attests that he is aware of no restrictions or policies

27   under Japanese law that would limit the gathering of the evidence Social Medical seeks here.  Dkt.

28   No. 1-1 ¶ 10.  In the absence of contrary information regarding the procedures acceptable to the

United States District Court
Northern District of California

1  Japanese court for obtaining the information Social Medical seeks from Google, the Court

2  concludes that this factor also weighs in favor of authorizing service of the subpoena.

3          **4.**        **Unduly burdensome or intrusive discovery**

4        Under this factor, the Court considers whether the discovery is sought is "unduly intrusive

5  or burdensome." *Intel*, 542 U.S. at 265.

6        Social Medical's proposed subpoena to Google seeks documents identifying the person or

7  persons who use three Google accounts, including the users' names and contact information,

8  payment method and associated financial institution, and access logs showing the "dates, time, IP

9  addresses, and access type" for each of the accounts "from the date the foregoing accounts were

10  created to the present" and "at the time each of the [negative reviews] were posted." *See* Dkt. No.

11  1-5 at p. 6. Social Medical principally relies on the declaration of its Mr. Togi, an attorney

12  licensed to practice in Japan, to explain why, in Social Medical's view, it is necessary to obtain the

13  access log information. Dkt. No. 1-3. Crediting this explanation, the Court finds that Social

14  Medical has shown that it likely will not have the identifying information it requires to proceed

15  with a civil action in Japan unless it obtains at least some access log information, but the Court is

16  not persuaded that all access log information, from the time the accounts were created to the

17  present, is within the scope of reasonable discovery. Social Medical may serve a subpoena only if

18  it modifies Request No. 3 to limit the time period for access log information to three months prior

19  to service of the subpoena through the date of Google's response. *See, e.g., In re Med. Corp.*

20  *Seishinkai,* No. 21-MC-80160-SVK, 2021 WL 3514072, at *5 (N.D. Cal. Aug. 10, 2021)

21  (authorizing service of subpoena for access log information with similar scope; *see also* Dkt. No.

22  1-3 ¶ 8 (discussing typical period of retention of access logs by content provider).

23        Social Medical's proposed discovery does intrude upon the privacy interests of the Google

24  account holders. However, the Court is satisfied that these concerns can be addressed by adopting

25  procedural protections to ensure that any objections an account holder may have to disclosure of

26  his or her information are addressed by the Court before disclosure is made. Specifically, and as

27  set forth below, Google must notify the Court of any objections they receive from an account

28  holder, and they may not disclose objected-to documents to Social Medical until the Court

1   resolves those objections.

2   **IV.    CONCLUSION**

3          Social Medical's application meets the statutory criteria for an order authorizing service of

4   the proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion

5   under *Intel* favor authorizing service of the subpoena, as modified with respect to Request No. 3.

6          Accordingly, the Court authorizes service of the proposed subpoena, with the modification

7   to Request No. 3 noted above, on Google.  This order does not foreclose a motion to quash or

8   further modify the subpoena by Google following service, or by the Google account holders or

9   account users whose identifying information is sought.  The Court orders Social Medical and

10  Google to comply with the following requirements to ensure all interested persons have an

11  opportunity to contest the subpoena if they wish:

12          1.   At the time of service of the revised subpoena, Social Medical must also serve a copy

13               of this order on Google.

14          2.   Within 10 calendar days of service of each subpoena and this order, Google shall notify

15               each of the account holders and account users within the scope of the subpoena that

16               their identifying information is sought by Social Medical, and shall serve a copy of this

17               order on each such person.

18          3.   Google and/or any person whose identifying information is sought may, within 21 days

19               from the date of the notice, file a motion in this Court contesting the subpoena

20               (including a motion to quash or modify the subpoena).

21          4.   Alternatively, any person whose identifying information is sought may, within 21 days

22               from the date of the notice, advise Google in writing of any objections he or she has to

23               disclosure of the information and the bases for any such objections.  Within 10 days of

24               receipt of any such objections, Google shall so advise the Court.

25          5.   If any person contests the subpoena or objects to any portion of it, Google shall

26               preserve, but not disclose, the information sought by the subpoena pending resolution

27               of that contest or objection.

28   Any information Social Medical obtains pursuant to the subpoena may be used only for

United States District Court
Northern District of California

8

1   purposes of the anticipated action for defamation and unlawful interference with its business, and

2   Social Medical may not release such information or use it for any other purpose, absent a Court

3   order authorizing such release or use.

4        **IT IS SO ORDERED.**

5   Dated: January 18, 2022

6

7

8                                          VIRGINIA K. DEMARCHI
                                           United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28